UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN HESSMER             ]
    Plaintiff,           ]
                         ]   No. 3:13-cv-0841
v.                       ]   (No. 3:11-mc-0033)
                         ]   Judge Sharp
TERRY ASHE, et al.       ]
    Defendants.          ]

**O R D E R**

On August 19, 2011, an order (Docket Entry No.23) was entered denying the plaintiff's application to proceed in forma pauperis. 28 U.S.C. § 1915(g). The plaintiff was granted thirty (30) days in which to pay the filing fee of three hundred fifty dollars ($350). At that time, he was forewarned that, should he fail to comply with these instructions within the specified period of time, the full amount of the filing fee would be assessed against him and collected from his inmate trust account, and this action would be dismissed for want of prosecution. In re Alea, 286 F.3d 378, 382 (6th Cir. 2002).

Rather than pay the filing fee, the plaintiff chose to appeal the denial of his pauper's application. *See* Docket Entry No.28. In June, 2012, the appellate court affirmed the denial of plaintiff's application to proceed in forma pauperis. *See* Docket Entry No.37.

The Court has waited over a year and the plaintiff has not yet

tendered the fee required to file his complaint (Docket Entry No.1).

Accordingly, the Clerk is directed to file the complaint. The *pro se* prisoner plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

This action is hereby DISMISSED for failure to comply with the instructions of the Court and for want of prosecution. Rule 41(b), Fed. R. Civ. P. The Clerk is directed to send a copy of this order to the Warden of the Riverbend Maximum Security Institution to insure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the final judgment in this case.

It is so ORDERED.

_____
Kevin H. Sharp
United States District Judge